## Ginter v. Ginter et al.

September 23, 1947.

Rehearing denied October 31, 1947.

Wm. J. Baxter, Judge.

J. T. Bowser, Jr. and M. C. Redwine for appellant.

R. R. Craft and Rodney Haggard for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

In September, 1941, appellee, Ruth Ginter, obtained a judgment of divorce from appellant, Brown Ginter. The Court awarded the mother custody of their only child, who at the time was about 17 months of age. She likewise was awarded judgment in the sum of $4 per week for the maintenance of the child. In September, 1946 Mrs. Ginter moved the Court to increase the allowance for maintenance to $10 per week. Appellant countered with a motion for the custody of the child, alleging that Mrs. Ginter was not a fit and proper person to have his care. Evidence was taken by depositions, and upon submission the Court decreed that the custody of the child should remain with the mother; that appellant should pay the sum of $10 per week for the support of the child; and awarded appellees, Craft and Haggard, attorneys for Mrs. Ginter, the sum of $75 Dollars as a fee to be taxed against appellant. Mr. Ginter has appealed from this order in its entirety.

The allegation in respect to the unfitness of the mother to have the custody of the child, who is now 7 years of age, is not supported by the evidence. None of the witnesses testified to any fact derogatory to her character, and several testified that it and her reputation are excellent. Appellee and her son live with appellee's mother in the Arden Hotel in Winchester. Some witnesses testified that the reputation of the Hotel is bad, whilst others, including the Chief of Police and a former police officer, testified that it is good. Considering all the evidence in the case, we are convinced that the Chancellor correctly allowed the child to remain in the custody of his mother.

Appellant admitted that he earns at least $2700 per year. Ten dollars per week for his child's maintenance is a reasonable award.

Appellant finally conplains that he should not be required to pay appellee's attorney fee, but if wrong in that contention, the $75 is excessive. The suit was brought by the appellee for the benefit of appellant's infant child. The employment of an attorney was a legitimate and necessary expense; that being true, the father of the infant properly was charged with the fee, the amount of which is reasonable.

The judgment is affirmed.