E. BRINTON WRIGHT, JR.,
Appellant,

*vs.*

MARJORIE C. WRIGHT and MARJORIE C. WRIGHT, as Next Friend of NORRIS PILLING WRIGHT and GYPSY PRYOR WRIGHT,
Appellees.

*Supreme Court, On Appeal, Oct. 14, 1960.*

*Clement C. Wood,* of Allmond & Wood, Wilmington, for appellant.

*Bruce M. Stargatt,* of Morford, Young & Conaway, Wilmington, for appellee.

SOUTHERLAND, Chief Justice, BRAMHALL, Justice, and STIFTEL, Judge, sitting.

SOUTHERLAND, Chief Justice: This is a suit for maintenance brought by Marjorie C. Wright on behalf of herself and her two minor children against E. Brinton Wright, Jr., the appellant. The complaint alleges a lack of adequate support and sets forth the defendant's sources of income, his capital assets, and his interest by way of remainder in a trust fund established by his father.

Some discovery proceedings were had. Thereafter defendant moved to dismiss. He raised three points.

(1) That one of the children, Gypsy Pryor Wright, was nineteen years of age and that under certain provisions of the Desertion and Support Act and of the Family Court Act, a father is not now liable for the support of any child over the age of seventeen.

(2) That the Chancellor is without power to compel the defendant to borrow money upon his interest in the trust fund to provide funds for the support of his wife and children.

(3) That the record shows beyond question that defendant has made a *bona fide* offer to return to his wife and that this offer has defeated the wife's right to maintenance.

Defendant did not question the jurisdiction of chancery to entertain a suit of this kind. See *Cohen v. Markel*, 35 *Del.Ch.* 115, 111 *A.2d* 702.

The Vice Chancellor denied the defendant's motion. He ruled first, that under the provisions of the Act of 1943, now *Title* 13, Sec. 702 of the Code, as construed in *Spruance v. Spruance*, 35 *Del.Ch.* 188, 113 *A.2d* 877, the husband remains liable for the support of his child until the child attains his majority.

Second, the Vice Chancellor ruled that at the stage of the case, and in the light of an opinion of the court in the case of *Du Pont v. Du Pont, supra* p. 137, 160 *A.2d* 586, the plaintiffs could not be summarily barred, by a motion to dismiss, from having the opportunity to present evidence of defendant's ability to borrow on his interest in the trust fund.

Third, he ruled that defendant's offer to return to his wife presented a question of good faith which must be resolved at the trial.

Accordingly, he denied the motion to dismiss.

Defendant appeals and urges here the same three points urged below.

Plaintiffs have moved to dismiss the appeal on the ground that the order below settled no substantial rights. Both the motion and the merits have been briefed and argued.

1. The first question before us is whether the Chancellor's ruling in *Spruance v. Spruance, supra,* was correct. That decision holds that a father in this State still has a legal duty to support a child over seventeen years of age and under twenty-one.

At common law the father had a duty to support his children. 39 *Am.Jur. "Parent and Child"*, Sec. 35. This duty existed until majority. *Id.* Sec. 40. Some uncertainty, however, existed as to the obligation of the mother to provide support. *Id.* Sec. 38. Our statute of 1943 (44 *Del.L. c.* 159) codified the law as follows:

> "The legal duty to support a minor child rests solely upon the father if he is living and able to provide such support, but if

the father is not living or is unable to provide such support then such duty shall rest upon the mother if she is living and able to provide such support. Such duty to support shall not exceed the amount necessary to provide for the essential needs of the minor child, such as food, clothing, shelter, medical expenses and reasonable education."

This statute, with an unimportant change in phrasing, is now 13 *Del.C.* § 702.

The statute seems to be largely declaratory of the common law. We cannot be sure of the reason for its enactment. It is possible that it was enacted to set at rest questions touching the liability of the mother for the support of children.

Defendant contends that there is a fundamental inconsistency between this statute and other statutes dealing with the subject of the support of minor children. Defendant stresses particularly the act of 1945 establishing the Family Court of New Castle County and conferring upon that court jurisdiction over matters pertaining to a family, including criminal charges and other matters affecting minors under eighteen years of age. See 10 *Del.C.* § 901 ff. By that act the Family Court was specifically given jurisdiction over cases in which a husband or father is charged with desertion or non-support of wife, or children under eighteen years of age, in destitute or necessitous circumstances. 13 *Del.C.* § 502. Thus, says defendant, a child entitled to support is defined by these acts to be a child under eighteen years of age, and the act of 1943, embodying the common law rule, is therefore impliedly repealed, at least to the extent that it extends the duty to support a child until he reaches the age of twenty-one.

Thus defendant's approach to the question is to extract from the Code the two sections last mentioned, dealing with the support of children, and to compare them with the act of 1943.

This approach ignores the history and development of these two statutes. If the alleged inconsistency between these statutes and the act of 1943 exists now, a like inconsistency between the forerunners of these statutes and the common-law rule must have existed when the two statutes were originally adopted.

The Family Court Act derives from an act of 1911 creating the Juvenile Court of the City of Wilmington, 26 *Del.L.* c. 262. This act dealt, for the most part, with the problem of juvenile delinquency, i.e., criminal offenses committed by minors. It applied to male children seventeen years or under and female children eighteen years of age or under. See Section 3 of the act. But the act also provided certain procedure for enforcing the parents' liability for the support of children. See Section 13.

The other section of the Code referred to—13 *Del.C.* § 502—derives from the Desertion and Non-Support Act of 1913, 27 *Del.L.* c. 262. That act made it a misdemeanor for a husband to desert or neglect to support his wife or children under *sixteen* years of age. This age was later increased to eighteen.

It is clear to us that neither of these acts was intended to abrogate or modify the civil liability of a father to support his children during their minority. The Juvenile Court Act was primarily directed to the reform of the young offender—and that is true today of the Family Court Act. The Desertion and Non-Support Act was a criminal statute, as is pointed out by the Chancellor in the *Spruance* case. It is still a criminal statute.

There was, therefore, at the time the statutes were passed, no inconsistency between them and the common-law liability of the father in respect of support. It follows that the subsequent amendments to these acts, including the acts extending the jurisdiction of the Juvenile Court and of the Family Court, created no such inconsistency.

Defendant's argument leads to insuperable difficulties. If the alleged inconsistency exists at the present time, it existed, as we have said, as far back as 1911. And if it did exist then, and the common-law rule was modified, then it follows that the common-law rule was restored by the act of 1943. And it is hardly arguable that the common-law rule was again modified by the Family Court Act of 1945, which merely took over the jurisdiction of the Juvenile Court and expanded it.

Certainly, it is quite unreasonable to suppose that the legislature intended, by implication only, any such extraordinary shifting of the measure of the civil liability of the father for the support of children.

Defendant argues that it is unwise to have different age limits in different courts in determining the extent of the father's liability for the support of children. This is not for the courts to say. The history of the statutes set forth above shows clearly that this is what the legislature intended.

█ We therefore hold that the Vice Chancellor's ruling on this point was correct. We further hold that since this ruling settled substantial rights, i.e., the liability of the defendant in this case for the support of his nineteen-year-old daughter, it was an appealable order.

█ 2. Defendant contends that the Vice Chancellor erred in his ruling that he could be compelled to borrow on the remainder of his trust. We are of opinion that the Vice Chancellor's reference to the *Du Pont* case, and his holding that plaintiff could submit evidence with respect to the availability of the trust fund for support, did not constitute an appealable ruling. He has as yet decided nothing with respect to the liability of the defendant in this case, so far as concerns the matter of compulsory borrowing on the remainder interest. He has merely ruled that the defendant must go to trial and that the plaintiff is entitled to submit evidence with respect to the matter. It will be time enough to raise this point if and when the Vice Chancellor enters an order with respect to it. In effect, the defendant is merely seeking from us an advisory opinion before anything to his prejudice has happened.

We are of opinion that the order denying the motion to dismiss, in so far as it relates to the point here discussed, settled no substantial rights and is not appealable.

█ 3. The final point is that the record shows conclusively that the husband made a *bona fide* offer to return to his wife. A motion to dismiss could not ordinarily be based on facts not appearing in the complaint. The appropriate motion would have been a motion for

summary judgment, but this point was not raised and we pass it over.

As to this contention the Vice Chancellor ruled that the offer to return presented an issue of good faith that he would have to resolve at the trial. This is clearly correct. The pleadings seem to establish the fact that the defendant left the marital domicile after it had been proved that he had been guilty of adultery. The genuineness of the subsequent offer to return to his wife is obviously an appropriate subject of inquiry by the court. Again, the Vice Chancellor's ruling settled nothing and is not appealable.

It follows that the order of the Vice Chancellor denying the motion to dismiss is affirmed in so far as it holds that the defendant is liable for the support of his nineteen-year-old daughter. So far as the appeal relates to the other two points above discussed it is dismissed.