Edward Louis BARNES, Appellant,

v.

Shirley Alice BARNES, Appellee.

Court of Appeals of Kentucky.

March 20, 1970.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Josephine Hughett, Hughett, Hughett & Hughett, C. Phillip Deeb, Sr., Deeb, Schaefer & Lohman, Louisville, for appellee.

EDWARD, P. HILL, Jr., Chief Justice.

The controversy on this appeal concerns the custody of Samantha Barnes, now about five years of age, and two other related questions.

By judgment January 14, 1966, in a divorce proceeding between the appellant and the appellee, the latter, the mother, was given custody of Samantha.

On September 20, 1967, appellant filed what he terms "an amended and supplemental complaint" apparently in the original divorce proceeding, in which he alleged "change of circumstances" and sought the custody of his child.

After a hearing, the chancellor entered his decree ordering (1) the custody of Samantha remain with the mother; (2) the mother submit to psychiatric examination twice a year; and (3) the appellee's motion that her attorneys be allowed $1542 for legal services be overruled.

The father, the appellant, has appealed complaining of the judgment as it relates to the question of custody.

The appellee cross-appeals attacking that part of the judgment requiring her to submit to psychiatric examinations and overruling her motion that appellant be required to pay her attorneys' fees.

Without relating the facts in detail for all posterity, it is sufficient to say that the evidence discloses that the mother, the appellee, is far from being a model mother; that she drinks some; and that she has had some mental or nervous trouble. However she has had the custody of her child since birth, and the child has resided, and will continue to reside, in the home of her maternal grandmother and with a sister of appellee.

Appellant has a regular job having held his present job over ten years. He attends church regularly.

When we contemplate unrooting a child nearing school age as in the present case, we are faced with a difficult problem that may have serious and far-reaching consequences. In his judgment the trial court let stand his previous judgment giving the appellant visitation rights, which may upon proper showing be enlarged by the chancellor at any time.

In child custody cases the chancellor is vested with a broad discretion. At times the appellate court may feel it would not reach the same conclusion reached by the chancellor. However, when it is recognized that the judgment of the

chancellor in such cases is based upon a finding of fact, this court should not disturb that finding unless found to be clearly erroneous. CR 52.01 and Fleming v. Rife, Ky., 328 S.W.2d 151. It is often extremely difficult for the chancellor, or for any court, to be certain what is in the best interest of the child. The chancellor, having the superior confrontation with the parties and with the witnesses, is in a far better position to resolve these difficult questions.

■ We cannot conclude from the evidence and all the circumstances that the judgment and findings of fact of the chancellor are "clearly" or at all erroneous.

Appellee argues that the judgment directing her to submit to a psychiatric examination every six months should be reversed. Appellee in her brief quotes the testimony of Dr. Presley F. Martin, the relevant part of which we also quote herewith: " * * * would consider that an examination once each year would be sufficient * * *." Appellee does not contend that she should not be required to submit to psychiatric examination at any time, only that the judgment is erroneous in requiring the examination each six months when her doctor recommended such examination only once annually. Well, we can only conclude that appellee is quibbling over peanuts. It well may be in the best interest of the child that a six-months check on the mental and nervous condition of the mother be required. Again we say we find the judgment proper and free of error.

Appellee's final point in her cross-appeal is that the action of the trial court overruling her motion for attorney fees is erroneous. She says that our rules relative to the allowance of attorney fees in post-divorce proceedings is not clear. This may be true, but it is understandable when we recognize that in questions of this nature many different factual situations have been presented.

To point up any confusion heretofore existing in our opinions in the matter of at-torney fees in post-divorce proceedings, we quote from Wilkerson v. Wilkerson, Ky., 335 S.W.2d 552, at page 553:

"Our research has failed to disclose a Kentucky case similar to this one in which the assessment against a former husband for payment of a former wife's attorney's fees was in issue in an out-and-out custody proceeding. However, in two cases this Court denied an allowance from the father for the mother's attorney's fees for services rendered where the issue of custody was the sole issue on appeal in an action commenced below for both divorce and custody. Wills v. Wills, 1916, 168 Ky. 35, 181 S.W. 619; Thomas v. Thomas, 1870, 70 Ky. 665. In refusing to assess a fee against the husbands in these cases, the Court relied on the fact that the litigants were no longer husband and wife at the time of the appeal, and the practical consideration that custody of the child might be a matter of dispute for years to come (see KRS 403.070)—hence allowing the wife's attorneys to be paid by the husband could produce a method of harassment.

"In two recent appeals involving both custody and support of the child, this Court did award the mothers an allowance for attorneys' fees. Wyatt v. Webb, Ky., 1958, 317 S.W.2d 883; Ginter v. Ginter, 1947, 305 Ky. 513, 204 S.W.2d 596. In these cases the Court did not allude to KRS 453.120, which allows assessment of costs against the husband in actions 'for alimony and divorce unless the wife is in fault and has ample estate of her own,' or the Wills and Thomas cases, above, but, rather, based its decisions on the premise that the child had had a benefit conferred on it, in the latter case by having the support payments increased and in the former by recovering past due, unpaid support payments, and hence the employment of an attorney was a legitimate and necessary expense and the father of the child should be charged.

"The decisions for other states are not entirely agreed as to the power of

courts to allow counsel fees to a former wife upon application, after an absolute divorce, to modify an order as to support or custody of a child or children; they have allowed such an assessment against the husband on a number of theories such as reasonable interpretation of a statute, the inherent general power of equity, and that on the theory that an action for custody is just a continuation of the action for divorce, and in other instances they have given no reason at all. 17 Am.Jur., Divorce and Separation, Sec. 641, p. 716; 15 A.L.R.2d 1272 et seq."

There have been cases allowing and some disallowing attorney fees in this class of case. However we cannot entirely agree with counsel for appellee that the opinion in Wilkerson, supra, has created a state of "havoc." Our case law concerning the allowance of attorney fees to the wife in divorce, alimony, and custody cases under KRS 453.120 is pretty well-settled. This statute clearly requires the husband to pay the "cost" unless it appears in the action that the wife is at fault and has ample estate to pay the "cost." We have held that "cost" includes attorney fees.

If there is any inconsistency in our case law in the matter of allowance of attorney fees, it is in child custody cases in post-divorce proceedings. KRS 403.070 affords authority for post-divorce relief but is silent as to cost and attorney fees. We quote this statute:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties and any of their children of unsound mind. At any time afterward, upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children. No such order for maintenance of children shall divest either party of the fee simple title to real estate."

It is noted that under this statute the court "pending an application for divorce, or final judgment" or *"at any time afterward * * * may revise any of its orders as to the children."* (Our emphasis)

It would seem reasonable, and may be implied, that "the court" having power to "revise" its orders would also have the power to adjudge who should pay the cost. It should be recalled the statute relating to cost in divorce proceedings (KRS 453.120) does not mention attorney fees, only "cost," and this court has uniformly said that cost includes attorney fees. If in KRS 403.070 the court is empowered to "revise" its previous orders, it would seem the court should have inherent power to declare who should pay the cost.

■ So we get on first base by saying that the circuit court has inherent as well as implied power (under KRS 403.070) to allow or not to allow attorney fees in post-divorce cases.

■ In an effort to get to second base, we look to some of the factors or circumstances that should influence the court in the allowance of the wife's attorney fees against the husband. Perhaps the most important consideration is the question whether the proceeding is for the benefit or welfare of the child involved; for illustration, if the proceeding is to increase the allowance to the child, it is the principal beneficiary and the father should pay the cost including the fee of the attorney representing the wife.

Another consideration running a close second in importance to benefit of the child is the mother's personal interest in the custody case. When we speak of custody of a child, we recognize that in practically all instances in which there is controversy over custody each parent or each party, if parents are not involved, has a great personal interest and concern for such custody, which may be, and sometimes should be, considered by the court in deciding the question of attorney fees.

Also of great importance is the element of harassment mentioned in Wilkerson, supra. If the wife's proceedings for custody amount to harassment of the husband, the chancellor should not adjudge the wife's attorney's fee against the husband.

Then there may be the question of ability to pay, which may be an important circumstance to consider. This element apparently played a vital role in the failure of the court to allow attorney fees in Wilkerson.

From what we have written, it is clear the chancellor, as in other items of cost, is vested with a discretion in adjudging the wife's attorney's fees against the husband. With these observations as to what should be considered by the chancellor in exercising such discretion, we turn to appellee's argument that the chancellor erred in overruling her motion for judgment against appellant for the attorney fees of the wife ($1,542.79).

In his findings of fact and conclusions of law on this question of attorney fees, the chancellor made this statement:

"It is to be noted that Mrs. Barnes is gainfully employed and has an adequate income to maintain herself. Much of the expense and time spent by her counsel appears to the court to have been over and beyond the scope of what was necessary. The court has rarely seen depositions so replete with objections as the ones which are in this file."

Here we have a finding of fact that the mother is financially able to pay her own attorneys; plus a finding that "much of the expense and time spent by her counsel appears to the court to have been over and beyond the scope of what was necessary." We readily conclude that under these facts, the chancellor was justified in rejecting appellee's contention that she recover her attorneys' fees from the appellant.

The judgment is affirmed on the direct-appeal and on the cross-appeal.

All concur.