**WIFE, P., Plaintiff,**

v.

**HUSBAND, P., Defendant.**

Court of Chancery of Delaware, New Castle.

Feb. 3, 1972.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for plaintiff.

William E. Wiggin, of Richards, Layton & Finger, Wilmington, for defendant.

DUFFY, Chancellor:

Plaintiff brings this suit on behalf of her three children for child support and to secure for herself possession of certain household furnishings. The determinative question is whether this Court now has subject matter jurisdiction of a claim for child support.

### A.

The children were born of the marriage between plaintiff and defendant. The parties are separated, the children live with their mother. Defendant is providing support, under a temporary order of this Court, at the rate of $550 per month. He has moved to dismiss the claim for support on the ground that this Court is now without jurisdiction.

### B.

Under Delaware law the "legal duty to support a minor child rests solely upon the father if he is living and able to provide such support . . . ." 13 Del.C. § 702. This Court has enforced that duty at least since the decision in Cohen v. Markel, 35 Del.Ch. 115, 111 A.2d 702 (1955). There the Court determined that an action for child support was within the jurisdiction of the High Court of Chancery of Great Britain and, therefore, it is within this Court's general equity jurisdiction, subject to limitation only under 10 Del.C. § 342.[1] See also duPont v. duPont, Del.Supr., 32 Del. Ch. 413, 85 A.2d 724 (1951). The Court concluded that "the Legislature, in order to prevent the Chancellor from exercising a part of the general equity jurisdiction of the Court of Chancery, must do two things: (a) express an intention to confer that part of equity jurisdiction exclusively upon another court and (b) create in that court remedies equivalent to those available in the Court of Chancery."

Have these requirements been met in the new Family Court Act? That is the question. If they have, there is then a suffi-

1. 10 Del.C. § 342 provides:
"The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."

cient remedy before another court and the motion to dismiss must be granted. 10 Del.C. § 342.

## C.

In 1971 the General Assembly abolished the Family Courts of the Counties and created a State-wide Court in order to provide uniform jurisdiction, policies, practices and procedures. 58 L.Del., Ch. 114, 116. Part of that legislation now appears as 10 Del.C. § 921, which reads:

"The [Family] Court shall have exclusive original civil jurisdiction in all proceedings in this State concerning:

. . . . . .

(c) Enforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the education, protection, control, visitation, possession, custody, care, or support of children." [2]

Quite plainly, this statute intends to confer on the Family Court "exclusive" civil jurisdiction over "all proceedings" to enforce any law for the support of children. Thus, the first requirement of *Markel* is met. But is the second? Is the Family Court remedy equivalent to that available in the Court of Chancery?

Plaintiff argues that the remedy is not equivalent for two reasons: the Family Court is without power: (1) to award expenses of litigation including attorney fees and, (2) to order sequestration of a defendant's property.

As to fees the Family Court Act provides at 10 Del.C. § 925(o):

"In any civil action where jurisdiction is otherwise conferred upon the Family Court, it may enter such orders against

any party to the action as the principles of equity appear to require."

If the award of attorney fees is an equitable principle applied in child support cases, then this is statutory authority for the Family Court to award such fees.

Plaintiff argues that In Re Dougherty's Will, Del.Orph., 10 Terry 273, 114 A.2d 661 (1955), and Great American Indemnity Co. v. State, Del.Supr., 32 Del.Ch. 562, 88 A.2d 426 (1952) hold that a court does not have power to award attorney fees unless the payment thereof is specifically authorized by statute or contract. There is language in both *Dougherty* and *Great American* to that effect but it must be read in the factual context of those cases. Neither case "was intended to constitute a blanket holding concerning the allowance of counsel fees under the statute [10 Del.C. § 5106] or otherwise." Wilmington Trust Company v. Coulter, Del.Ch., 208 A.2d 677 (1965). As Chancellor Seitz observed, other Delaware precedents make that clear.

The general rule, of course, is that a litigant must pay his own attorney fees. Maurer v. International Re-Insurance Corporation, Del.Supr., 33 Del.Ch. 456, 95 A. 2d 827 (1953). In matrimonial litigation, however, a husband may be liable for his wife's attorney fees, and as a general rule, on a decree for separate maintenance, "allowance of reasonable fees for the wife's counsel may be assessed against the husband . . .." 42 C.J.S. Husband and Wife § 629. The established practice in this Court is to award fees in such litigation when need is shown.

Similarly, when a wife brings a proceeding to enforce a child support order, the husband "must pay her attorney fees." Clark, Law of Domestic Relations, p. 430; Scholla v. Scholla, 92 U.S.App.D.C. 9, 201 F.2d 211 (1953); Ginter v. Ginter, 305 Ky. 513, 204 S.W.2d 596 (1947).

---

2. The same statute, at § 950(a) also provides:
   "In any civil action within the jurisdiction of this [Family] Court and upon

the petition of a person properly before it, the Court may:
   " . . . in a proper case, order payment of support for the child."

In Wilmington Trust Co. v. Coulter, supra, after concluding that equity courts have the power to assess attorney fees as costs, Chancellor Seitz succinctly stated the policy of such courts toward awarding counsel fees:

"In the United States, while recognizing that they have the power to do so in a proper case, equity courts have generally denied counsel fees as costs to a successful party. The judicially created exceptions where counsel fees are allowed, whether directly as counsel fees or as being embraced within the term 'costs', appear to have been created to apply when the situation or the equities dictate that such burden should not fall on the prevailing party."

▆▆▆ The power to award attorney fees is an equitable principle applied by this Court for the benefit of a successful plaintiff seeking child support. Cohen v. Markel, supra. The General Assembly was presumptively aware of that principle and its application to a child support claim when it enacted § 925(o). And when it vested in the Family Court power to enter such orders as the principles of equity require, I conclude that this included the power to assess attorney fees in a child support case.

As to plaintiff's second argument, sequestration is an inherent and traditional power of the Court of Chancery, Greene v. Johnston, Del.Supr., 34 Del.Ch. 115, 99 A. 2d 627 (1953) which is exercised to compel appearance of a defendant by seizure of his property. It has nothing to do with subject matter jurisdiction and it has no relevancy here where defendant was served personally. For this reason I do not reach the question of whether the Family Court may issue a writ of sequestration. It need only be said that if a plaintiff does not have a remedy at law in the Family Court because she must rely on a process not available there, the action may be brought here under 10 Del.C. § 342.[3]

While plaintiff has argued that the statute is inadequate only in the two respects which I have discussed, I am satisfied that it meets the tests outlined in both duPont v. duPont, supra, and in duPont v. Family Court for New Castle County, Del.Supr., 2 Storey 72, 153 A.2d 189 (1959). Thus, the Family Court remedy is civil (and not quasi-criminal), a plaintiff is in charge of her action (and not the State), there is a right of appeal (under § 960(a)), the enforcement provisions are, presumptively at least, as broad as those available in Chancery (§ 925(c) confers upon the Court power to punish for civil and criminal contempt).

D.

▆▆▆ On prior occasions the General Assembly attempted to give the Family Court jurisdiction over support issues and the legal requirements for doing that were discussed in duPont v. duPont, Cohen v. Markel, and duPont v. Family Court for New Castle County. When the General Assembly was considering the Act of 1971 it had the benefit of these decisions. And legislative language is interpreted on the assumption that "the legislature was aware of existing . . . judicial decisions," Southerland, Statutory Construction (3 ed.) § 4510. In accordance with 10 Del.C. § 902(b), the provisions of the Act must be "liberally construed that [its] . . . purposes may be realized." The General Assembly therein stated its intention that "one court shall have original state-wide civil and criminal jurisdiction over family and child matters and offenses . . . [and] [t]he Court shall endeavor to provide for each person coming under its ju-

3. I have assumed that plaintiff's argument as to sequestration concerned the availability of that writ to compel appearance. If plaintiff's argument was directed to use of the writ after judgment, I read § 925(o) as permitting the Family Court to enter "such orders" as the principles of equity require to satisfy its judgments.

risdiction such control, care, and treatment as will best serve the interests of the public, the family, and the offender . . . ." 10 Del.C. § 902(a).

A liberal construction of the statute, in light of the purpose to create one court with original State-wide jurisdiction over family and child matters and to meet the requirements fixed by the decisions, is certainly in order. And that supports the conclusion that 58 L.Del., Ch. 114, 116 creates in the Family Court an adequate remedy at law sufficient to divest the Court of Chancery of jurisdiction in child support cases.

\* \* \* \* \* \*

Defendant's motion to dismiss is granted, subject to plaintiff's right to transfer the claim for child support to the Family Court under 10 Del.C. § 1901.