**Daniel K. STAT, Plaintiff Below, Appellant,**

**v.**

**William H. PORTER, Jr., Defendant Below, Appellee.**

Supreme Court of Delaware.

Sept. 20, 1973.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff below, appellant.

Clyde M. England, Jr., of Killoran & Van Brunt, Wilmington, for defendant below, appellee.

CAREY, Justice, and WALSH and TEASE, Judges, sitting.

PER CURIAM:

The appellee, William H. Porter, Jr., is the father of two minor children, whose mother is now the wife of the appellant, Daniel K. Stat. Her prior marriage to Porter terminated in divorce in 1968. Porter paid to her a weekly sum for the support of the children until August, 1969, when she married the appellant. She later brought an action in the Court of Chancery against Porter for support of the children; the stepfather joined in that action, seeking reimbursement from the natural father for money he had spent in the interim. His claim for reimbursement was dismissed on the ground that he had an adequate remedy at law. He thereupon filed an action in Superior Court for reimbursement of his expenditures.

In answering the complaint, Porter asserted that: (1) Stat had supplied the money as a volunteer; (2) Stat was estopped to demand reimbursement because the mother had stated to Porter that no further support payments were needed; and (3) Stat had waived any right to reimbursement by his failure to seek relief promptly. Porter also moved for dismissal on the ground that the complaint failed to state a claim on which relief could be granted.

The Superior Court granted the motion to dismiss on the ground that an action for support such as this cannot be brought unless an attempt is made, prior to bringing the action, to seek support under 13 Del.C. §§ 502 and 702. There was no allegation in the complaint that any such attempt had been made.

13 Del.C. § 702 provides that the legal duty to support a minor child rests solely upon the father if he is living and able to provide it, otherwise upon the mother. 13 Del.C. § 502 makes it a misdemeanor for the parent to wilfully neglect to provide for the support and maintenance of a child under the age of eighteen years.

We disagree with the reasoning of the Court below. The recovery sought by Stat is for the purpose of obtaining reimbursement for monies allegedly spent by him in supporting Porter's children during a certain period of time. § 502 does not provide a suitable remedy to Stat for this purpose. In our opinion, he is entitled to a trial and a judgment if he prevails in that trial.

In their briefs, the parties discuss at some length the validity of the substantive defenses raised by Porter. Their validity has never been ruled upon in the Court below and a decision thereupon by us at this time is not appropriate. Indeed, it appears that their determination depends largely upon the evidence which is produced at trial. Whether Stat was in fact a mere volunteer depends largely upon his

intent at the time he advanced the money. Whether he is estopped or has waived his right of recovery are also questions which can be answered only after the facts have been developed at trial.

We cannot at this time determine the merits of the controversy. The judgment below must be reversed and remanded for further proceedings in accordance herewith.