**Margaret Z. HORWITZ, as next friend of Michael Horwitz, et al., Plaintiffs,**

**v.**

**Joseph HORWITZ, Defendant.**

Court of Chancery of Delaware, New Castle.

Oct. 2, 1973.

Joseph W. Benson, Gallo & Benson, Wilmington, for plaintiffs.

Garry G. Greenstein, Knecht, Greenstein & Berkowitz, Wilmington, for defendant.

BROWN, Vice Chancellor.

This action is one that was filed initially in this Court on December 29, 1971, seeking an order against the Defendant requiring him to pay Plaintiff a proper and adequate amount for the support of the three minor children of the parties. By order of this Court dated March 1, 1972, the case was transferred to the Family Court, pursuant to 10 Del.C. § 1901, for the express reason that it was an action for the support of children only which, pursuant to 10 Del.C. § 921 of the new Family Court Act, was within the exclusive jurisdiction of the Family Court. That determination of exclusive jurisdiction was reached by this Court several weeks earlier in the case of Wife, P. v. Husband, P., Del.Ch., 287 A.2d

409 (1972). The statute under which the action was transferred, 10 Del.C. § 1901, provides that no civil action brought in any court of this State shall be dismissed solely on the ground of lack of jurisdiction providing the party effected, within 60 days after a determination of lack of jurisdiction, elects to have the matter transferred to a court which does have jurisdiction. ·

Subsequent to such transfer, a hearing, was held in the Family Court on the issue of interim support and an order was entered requiring the Defendant to pay a specified amount to the Plaintiff and also to pay certain fixed obligations directly to certain creditors. Thereafter, a final hearing was held in the Family Court and, by written decision of July 31, 1973, it was ordered that the Defendant pay the sum of $600 per month for the support of the children and the sum of $500 as counsel fees for legal services on behalf of the Plaintiff. A copy of this decision was forwarded to this Court allegedly in compliance with 10 Del.C. § 925 and Chancery Rule 87, Del.C.Ann. Counsel for Plaintiff then requested of this Court a review de novo of the Family Court findings pursuant to Rule 87.

Chancery Rule 87 allows for the assignment of certain causes and matters from this Court to the Family Court for a hearing of the facts with a further proviso that a report of the Family Court thereafter be sent to the Register in Chancery setting forth the decision and determination made. Rule 87(c) further provides that within 10 days after the receipt of such report, either party may move for further hearing or modification of the report, the obvious corollary being that if no such application is made, the report may be accepted as the basis for a final order in this Court. It is under this provision of the Rule that the Plaintiff has sought a "further hearing" on the facts of the matter.

Unfortunately, however, even though no formal objection was raised by the Defendant, it is evident that this Court has no authority to entertain a review of the Family Court determination under Rule 87. Quite simply, this action is and always has been one for the support of children only, and it was not filed until after the effective date of the new Family Court Act. (10 Del.C. Ch. 9, as enacted by 58 Del.Laws Ch. 114, was approved June 9, 1971, to take effect 90 days after that date.) Under 10 Del.C. § 925(3), any civil action for the support of children, commenced after the effective date of the Act, is within the exclusive original jurisdiction of the Family Court and Chancery has been divested of any such jurisdiction. Wife P. v. Husband, P., supra. The action was transferred to the Family Court pursuant to 10 Del.C. § 1901 because there was no jurisdiction in this Court. The Family Court thereafter heard the matter and made a determination. By 10 Del.C. § 960 it is provided that from any "order, ruling, decision or judgment" of the Family Court "there shall be the right of appeal as provided by law to the Superior Court." There is no right of appeal to the Court of Chancery given by the Family Court statutes.

It is fundamental that whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the action must be dismissed. Chancery Rule 12(h)(3). The fact that a report was sent to this Court by the Family Court purporting to comply with Rule 87 may have caused counsel to believe that the matter had been assigned to the Family Court for a hearing and report rather than transferred entirely pursuant to 10 Del.C. § 1901. The Family Court may have been under a similar misapprehension. Be that as it may, if this Court had neither original jurisdiction nor subsequent appellant jurisdiction by statute, then there is no basis for taking any action now. The application for a review de novo must be, and is hereby, dismissed for the foregoing reasons. All proceedings in this Court were terminated by the transfer order of March 1, 1972.

It is so ordered.