**Joseph WILDERMAN, Defendant Below, Appellant,**

**v.**

**Eleanor M. WILDERMAN, Plaintiff Below, Appellee.**

Superior Court of Delaware,
New Castle.

Dec. 5, 1974.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for defendant below, appellant.

Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellee.

TAYLOR, Judge.

Action was instituted in the Family Court on March 27, 1973 by Eleanor M. Wilderman [mother] against Joseph Wilderman [father] for the support of their two minor children, ages fifteen and eleven. By order dated July 31, 1973, the Family Court directed that father pay to mother the sum of $24,700 covering support for the children from August 1970 through July 1973. Father appealed to this Court and has moved for partial summary judgment on the ground that the Family Court lacked jurisdiction to award reimbursement for sums expended by wife for past child support.

■ The issue raised by this motion relates to the jurisdiction which has been vested in the Family Court. This action was brought as a civil action. Civil jurisdiction of the Court, with the exception of habeas corpus, is found in 10 Del.C. § 921. Paragraph (3) of that section provides that the Court shall have exclusive original civil jurisdiction concerning "[e]nforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the education, protection, control, visitation, possession, custody, care, or support of children." This provision vests in the Family Court jurisdiction to enforce in a civil proceeding the law providing civil rights for the support of children.[1]

13 Del.C. § 702 provides:

"The legal duty to support a minor child rests solely upon the father if he is living and able to provide such support . . .".

In addition, the common law imposed a duty upon a father to support his children until they reach the age of majority. Spruance v. Spruance, Del.Ch., 35 Del.Ch. 188, 113 A.2d 877 (1955). The common law duty was not abrogated by the statutory provision quoted above. Wright v. Wright, Del.Supr., 39 Del.Ch. 360, 164 A.2d 317 (1960).

With respect to the exercise of civil jurisdiction by the Family Court, Section 925, Title 10, Delaware Code, provides:

"(15) In any civil action where jurisdiction is otherwise conferred upon the family court, it may enter such orders against any party to the action as the principles of equity appear to require."

By virtue of this provision, the Court of Chancery has held that the civil jurisdiction in matters of support now vested in the Family Court is of such breadth that the Court may exercise all of the jurisdictional powers which historically existed in the Court of Chancery. Wife, P. v. Husband, P., Del.Ch., 287 A.2d 409 (1972).

The exercise of civil jurisdiction frequently involves money claims arising before institution of the action. The rules which normally govern the length of time prior to filing of an action for which claim can be made are found in statute of limitations, laches and estoppel. In the case of Levine v. Levine, D.Del., 209 F. Supp. 564 (1962), District Judge Layton held, in an action brought by wife against former husband for support of herself and her children, that the action was one arising out of quasi contract or obligation imposed by law and as such was not barred by the three-year statute of limitations found in 10 Del.C. § 8106. His conclusion was that Delaware does not have a statute of limitations applicable to obligations arising under a quasi contract. In this case, the parties have not raised the issue of whether or

---

1. Separate criminal jurisdiction is vested in the Family Court under which charges are brought for desertion, neglect or refusal to support a wife or child under 13 Del.C. §§ 502–511. 10 Del.C. § 922(4). Cf. State v. Nixon, Del.Ct. Gen.Sess., 4 Terry 250, 45 A.2d 538 (1945).

not a statute of limitations is applicable. The only issue raised on this motion is whether the Court has jurisdiction to entertain an action covering a period prior to the filing of the action.

 Father further argues that since this is an action brought by mother and, insofar as the action relates to claim for support prior to the filing of the action, it is in reality an action by the mother for reimbursement and the Family Court is without jurisdiction to entertain such an action. This contention seeks to distinguish between an action for child support for the future and an action for reimbursement for child support paid. The applicable statutory provision merely refers to petitions for support of children. 10 Del.C. § 921(3). The language does not resolve this contention. The parties have not addressed themselves to the precise issue of whether the mother has a right of action to recover against father for monies expended for the support of the children. Rather, they have confined the argument to the question of whether the Family Court has jurisdiction to entertain such an action. The Court will, therefore, resolve the question dealt with by the parties on the assumption, without deciding, that the mother has such a right of action. Cf. Stat v. Porter, Del. Supr., 314 A.2d 172 (1973); Levine v. Levine, supra. The Court of Chancery has held that by virtue of the legislative policy stated in 10 Del.C. § 902 and the jurisdictional provisions of 10 Del.C. §§ 921 and 925, exclusive jurisdiction is vested in the Family Court with respect to matters involving support, Wife, P. v. Husband, P., supra, including rights created by contractual agreement, Wife, S. v. Husband, S., Del.Ch., 295 A.2d 768 (1972), and that this jurisdiction, where support rights exist, extends to members of the family who have reached the age of legal majority, Scribner v. Chonofsky, Del.Ch., 310 A.2d 924 (1973). If a mother has a right against the father for reimbursement for support expenditures for children, the liability of the father must be founded upon his duty to support. Applying the same policy considerations which have led the Court of Chancery to the decisions referred to above, I conclude that, to the extent that a mother may be entitled to reimbursement for past expenditures made for the support of children, the action must be considered to be one for support of children within the meaning of 10 Del.C. § 921(3) and the Family Court has jurisdiction to make appropriate orders deciding the rights of the parties.

Accordingly, the motion of defendant below, appellant, for partial summary judgment is denied.

It is so ordered.