**Harry TOY, Plaintiff,**

v.

**Robert CHERICO, Defendant.**

Superior Court of Delaware,
New Castle.

Submitted Dec. 10, 1976.

Decided Dec. 17, 1976.

Stephen B. Potter, Wilmington, for plaintiff.

Francis J. Trzuskowski, of Trzuskowski & Kipp, Wilmington, for defendant.

TAYLOR, Judge.

The issue here is whether a person other than a parent who has paid support for a minor child may bring an action in this Court against the father for support that has been expended. Defendant contends that the action should be brought in Family Court, and in support of that contention cites *Wilderman v. Wilderman,* Del. Super., 330 A.2d 149 (1974) and *Quarles v. Brewer,* Del.Super., Civil Action No. 390, 1975 (Sussex County), Opinion January 7, 1976, Bush, J.

In *Wilderman,* this Court held that the liability of a defendant in a suit for reimbursement for monies paid for support of a minor child must be founded upon the duty of the defendant to support the minor child. After reviewing the applicable statutory provisions and decisions relating thereto, the Court concluded that such an action must be considered to be one for the support of a child within the meaning of 10 Del.C. § 921(3). Jurisdiction to try cases involving support is vested exclusively in the Family Court. 10 Del.C. §§ 921 and 925. *Wife, P. v. Husband, P.,* Del. Ch., 287 A.2d 409 (1972).

Plaintiff relies heavily on *Stat v. Porter,* Del.Supr., 314 A.2d 172 (1973) in which the Supreme Court held that compliance with 13 Del.C. § 502 and § 702 was not a prerequisite or bar to an action by a stepfather for reimbursement for child

support from the father of a minor child. Nothing in the Per Curiam Opinion in *Stat* indicates that the Supreme Court was addressing itself to the question of whether, considered in the light of the applicable Family Court statutory provisions, the Superior Court had jurisdiction to entertain that suit. It should be noted that the provisions of the Family Court Act which are under consideration here and were under consideration in *Wilderman* were adopted in June 1971, 58 Delaware Laws, Chapter 114, effective 90 days after adoption. It was decided by the Court of Chancery in August 1972 that by virtue of the 1971 Act the Court of Chancery no longer has jurisdiction over matters involving support of minor children. *Wife, S. v. Husband, S.,* Del.Ch., 295 A.2d 768 (1972). It appears that the initial suit in *Stat* was brought in the Court of Chancery and that action was dismissed by the Court of Chancery on the ground that there was an adequate remedy at law. Suit was filed in this Court and it was dismissed on the ground that the proper remedy was to pursue 13 Del.C. § 502, which provided a remedy under the criminal process. Upon appeal, the Supreme Court held that resort to the criminal remedy under 13 Del.C. § 502 is neither a prerequisite nor a bar to civil action for reimbursement for support paid for a minor. Nothing in its Per Curiam Opinion indicates that the Supreme Court gave any consideration to the question of whether the matter should properly have been in the Family Court or in this Court. Finally, the date of filing of the *Stat* complaint in this Court precludes the possibility that *Stat* could have involved consideration of the exclusivity of the present 10 Del.C. § 921(3). The *Stat* complaint was filed in this Court June 17, 1971. Chapter 114, 58 Del.Laws, which adopted the present 10 Del.C. § 921(3) giving Family Court exclusive jurisdiction over support matters, became effective September 7, 1971. Hence, *Stat* was governed by prior law under which the totality of jurisdiction over support matters, including exercise of remedies which could have been exercised in other Courts, was vested in the Family Court. *Wife, P. v. Husband, P.,* supra.

■ This Court held in *Wilderman* and *Quarles* that jurisdiction for reimbursement for support payments lies in the Family Court. The exclusive jurisdiction relating to support of minors is vested in the Family Court. 10 Del.C. § 921(3). Since the asserted right of reimbursement must be founded upon payments by plaintiff which performed a duty of defendant to support the child, this proceeding must involve matters which are traditionally considerations in support proceedings in the Family Court, namely, the existence of defendant's duty to support, his ability to support and the amount of support for which he should be held liable. 69 *A.L.R. 2d* 203, 229. In view of the volume of support proceedings in the Family Court and the decisional standards which develop from that volume of cases, practical considerations support the wisdom of disposition in the Family Court of all cases in which support is an issue. This consideration undoubtedly entered into the adoption of the present law which provided that support matters be heard exclusively in the Family Court. No statutory basis nor valid reason has been presented in support of the proposition that Family Court jurisdiction over child support should be confined to parental liability for future support payments while jurisdiction over a claim involving parental liability for past child support expenditures must exist elsewhere.

Plaintiff argues that *Wilderman* is not applicable because it involved a claim by a mother while this case involves a claim by a stranger. On the other hand, both *Wilderman* and this case seek to found a claim upon the duty of the father to support his minor child. It is that duty which is common to all claims of this sort if recovery is to be justified.

■ No case has been cited for the proposition that the right of a stranger to

be reimbursed by the father for support of his minor child—assuming it exists—differs from the right of a mother to such reimbursement. *Stat* states that intention is the determinant which a plaintiff must meet in a claim for reimbursement (assuming legal responsibility of defendant for support of the minor). Whatever difference in qualification may exist between a mother and a stranger claiming reimbursement, it does not rise to such significance as to affect jurisdiction. I conclude that the family relationship (or absence thereof) of the claimant to the minor child does not control jurisdiction to hear a suit for reimbursement for support payments in the face of legislative investiture of exclusive jurisdiction in Family Court.

I conclude that this proceeding should properly be tried in Family Court. IT IS ORDERED that the motion to dismiss is granted, subject to plaintiff's right to transfer the claim to the Family Court under 10 Del.C. § 1901.