MARGARET HALSEY SPRUANCE; MARGARET HALSEY SPRUANCE, next friend of MARGARET G. SPRUANCE, a minor child, WILLIAM HALSEY SPRUANCE, a minor child, and ALICE LEA SPRUANCE II, a minor child,

*vs.*

PRESTON LEA SPRUANCE.

*New Castle, May 13, 1955.*

*Arthur G. Logan,* of Logan, Marvel, Boggs & Theisen, Wilmington, for plaintiffs.

*John J. Morris, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, for defendant.

Seitz, Chancellor: This is an action for separate maintenance brought by plaintiffs who are the wife and minor children of the defendant.

Defendant moved to dismiss this action as to all of the children on the ground that this Court lacked jurisdiction of an action for separate maintenance on their behalf. This objection is overruled on the authority of the recent decision of the Vice Chancellor in *Cohen v. Markel, ante p.* 115, 111 *A.2d* 702.

Defendant also moved to dismiss this complaint as to his minor child, Margaret G. Spruance, on the ground that while she is not twenty-one years of age, she is over eighteen years of age and that he therefore no longer has a legal duty to support her.

Defendant concedes that at common law a father had a duty to support his children until they reached their majority, *i. e.,*

twenty-one years. See 67 *C.J.S., Parent and Child,* § 17. This duty was presumably incorporated into our statutory law by the enactment of 13 *Del.C.* § 702 which imposes a legal duty on a father to support his "minor" children. I conclude that "minor" was used in the statute in its common law sense. Compare *State v. Clarke,* 3 *Har.* 557.[1]

But defendant points to 13 *Del.C.* § 502(a) which makes a father guilty of a misdemeanor if he fails to provide support for his children "under the age of 18 years". The eighteen year limitation in § 502(a) is used solely in connection with the creation of a misdemeanor. On the other hand § 702 deals with the legal duty of a father to support his minor children generally. I believe § 702 refers to a father's civil obligation. I conclude therefore that the two statutes are not inconsistent and that § 702 controls in this case.

Since I conclude that the father's civil obligation to support his children continues at least until they reach the age of twenty-one years it follows that the defendant's motion to dismiss the action as to his daughter, Margaret, must be denied.

I now consider the cross-motions of the parties for summary judgment. In the discussion of the facts, when referring to "plaintiff" I will refer solely to Mrs. Spruance.

Plaintiff and defendant were married June 25, 1932. They have four children of whom three are the minor plaintiffs, aged about 19, 16, and 10 years respectively. Until defendant deserted plaintiff and the children without just cause on November 29, 1951, plaintiff and defendant lived in the family estate known as "Thornby". The property is owned by them as tenants by the entireties. Since the separation the defendant has lived with his mother in Wilmington. All of the three minor plaintiffs have continued to live with their mother in the family home at Thornby.

Plaintiff claims that the amount of money provided by the defendant since his desertion has not been adequate to support and maintain plaintiff and her children according to their station in life. Plaintiffs'

1. I need not decide whether 13 *Del.C.* § 501 has any present application.

affidavits list their needs which defendant claims are beyond reason under the circumstances. Apart from capital requirements they come to $2,400 per month.

Defendant's affidavit avers that for about six years prior to the separation, the parties lived far beyond their income from all sources; that in consequence the defendant from time to time sold securities to help make up the deficit; and that in addition, during this same period, loans and gifts were received from defendant's mother to help meet the deficit. Defendant argues that only his income can now be considered in arriving at a reasonable allowance.

Defendant is paying for the benefit of all plaintiffs the sum of $1,300 per month plus certain extras. Plaintiff claims that she and her three children cannot live on this amount if they are to continue to live in the manner in which their station in life entitles them. It would certainly appear that this sum may well be inadequate if we assume that plaintiffs' "station in life" requires that they continue to live at Thornby in the same way as they lived before the separation. One of the difficult questions in the case is whether plaintiffs' "needs" are to be predicated on the assumption that they should have sufficient to be permitted to continue to live there. Defendant points out that plaintiffs could live quite comfortably in a home which would not involve large outlays of money such as are required for this extremely large and old estate. Plaintiff says that defendant is responsible for the situation and should not be permitted to make her leave the family home.

It appears that the defendant has capital assets consisting largely of stock worth approximately $1,500,000. Last year he had spendable income of between $40,000 and $45,000. He paid plaintiffs about $21,000 and retained at least $20,000. The three minor plaintiffs have income of their own aggregating about $6,000 yearly. The parties argue with vigor as to what income and other assets should be considered when passing upon the reasonableness of the amount which defendant now gives plaintiffs. In other words, should the children's separate income be considered? Should payments from defendant's mother be considered?

▉▉ With a reluctance which I believe was evident at the time of the oral argument, I reach the conclusion that this case is one which it is particularly inappropriate to decide on cross-motions for summary judgment. I say this because I must decide, under the controlling law, what would constitute a reasonable sum to be paid plaintiffs for their support in view of their station in life and the defendant's ability to pay. Other factors, of course, enter into this determination but basically it is a "common sense" adjustment of conflicting interests. While most of the facts are undisputed, the dispute as to plaintiffs' needs cannot be fairly resolved on affidavits. It is the type of determination which of necessity involves subjective judgments. Moreover the dispute in the affidavits as to what amount is sufficient to meet plaintiffs' legitimate needs cannot be fairly determined in summary judgment proceedings.

In the exercise of my discretion, I decide that it is not appropriate in this case to dispose of this matter on motions for summary judgment. I find this case particularly difficult because defendant's basic objection is that he does not believe that plaintiff should continue to live in the family home and thus incur expenditures commensurate with that status. Since it is not for the Court to say where plaintiffs should live, I feel I should not evaluate that matter until final hearing and then only as it may be involved in "need" generally.

The cross-motions for summary judgment will therefore be denied. If the parties are reluctant to have this matter tried in open court, I suggest that they stipulate as to the facts to be used in lieu of taking testimony at final hearing. If they are unable to agree on such a stipulation then it seems to me that such a result would be a further vindication of my conclusion that it is not appropriate to dispose of this matter by summary judgment proceedings. Indeed, this was the suggestion previously made by the Court but not acceded to by the parties.

The motions for summary judgment filed by plaintiffs and defendant will therefore be denied.

Order on notice.