Carol Taylor MILLARD, Plaintiff,

v.

Norman Howard TAYLOR, Jr., Defendant.

Court of Chancery of Delaware.

New Castle.

Nov. 1, 1968.

Julian D. Winslow, Wilmington, for plaintiff.

Frank J. Gentile, Jr., Wilmington, for defendant.

SHORT, Vice Chancellor:

This is an action for specific performance of support provisions of a separation agreement entered into by the parties on April 1, 1964. The case is before the court on cross motions for summary judgment. This is the decision on those motions.

The agreement sued on provides, inter alia, "Husband further agrees to pay the sum of Twenty-five Dollars ($25.00) per week to the Wife for the support and maintenance of the child born of the marriage, NOREEN CATHERINE TAYLOR, until said child shall have attained the age of eighteen (18) years." It also provides that custody of the child shall be in the wife but that the husband shall have "liberal visitation rights."

The marriage between plaintiff and defendant was dissolved by the entry of a final divorce decree on September 17, 1964. Shortly thereafter plaintiff married Raymond G. Millard. Upon learning of the remarriage defendant stopped making the

support payments on September 25, 1964 and has since made no payments.

In the summer of 1966 plaintiff filed a petition in the Circuit Court for Broward County, Florida for termination of defendant's parental rights as to the child. An order of termination was thereafter entered by the Florida court and on October 11, 1966 the same court, on petition of Raymond G. Millard, entered a final decree of adoption of the child.

The relief sought by the complaint is for payment by defendant of the support called for by the agreement from September 25, 1964, the date when payments ceased, to October 11, 1966, the date of the entry of the order of adoption by the Florida court.

Defendant's answer to the complaint raises several affirmative defenses. I shall consider these in the order in which they are pleaded.

■ The first affirmative defense is that plaintiff has an adequate remedy at law. Determination of this issue is settled by prior decisions in this court. It has been repeatedly held that jurisdiction to enforce support provisions of a separation agreement entered into between husband and wife are enforceable in equity. Peters v. Peters, 20 Del.Ch. 28, 169 A. 298; Coxe v. Coxe, 20 Del.Ch. 384, 178 A. 104. It has further been held that such agreements are enforceable only in equity for the reason that the agreement when entered into is void at law. Burke v. Burke, 32 Del.Ch. 320, 86 A.2d 51. Nor does a subsequent divorce permit an action at law. Burke v. Burke, supra. It is, therefore, apparent that plaintiff not only has no adequate remedy at law but she has no remedy at law whatsoever.

■ The second affirmative defense alleges a breach of the agreement on plaintiff's part because of her refusal to honor the visitation rights provided thereby. It is doubtful that the record sustains defendant's contention that plaintiff "has consistently refused to permit defendant to visit with the child." In any event, unless the covenants are dependent, the failure of a wife to honor visitation rights provided for in a separation agreement is no defense to an action to enforce support payments for the benefit of a child alone. Shaw v. Shaw, 24 Del.Ch. 110, 9 A.2d 258. The covenants here are independent. This defense is without merit.

■ The third affirmative defense appears to raise an issue as to defendant's responsibility for support of the child in view of the termination of his parental rights. Such an issue might well be involved if plaintiff was seeking to enforce support payments after the termination of defendant's rights. But plaintiff's claim is merely for payments due up to the time of entry of the order of termination. The exact date of this order does not appear in the record. The only evidence is plaintiff's testimony that she believed that the order was entered on the same day as the adoption decree, namely, October 11, 1966. Defendant will be at liberty to supplement the record to show the exact date of the order of termination. Otherwise the date of October 11, 1966 will be considered as the date of that order. There is no merit in this defense.

■ The fourth affirmative defense asserts laches. There is absolutely nothing in the record which tends to show that plaintiff's delay in bringing this action has been detrimental to defendant. Moreover, though plaintiff has made no attempt to explain the delay, I am satisfied that it has not been such as to raise an issue of laches. This is particularly so since the support monies involved are for the benefit of a child only.

■ The fifth affirmative defense is that plaintiff is not the real party in in-

terest. Because of certain questions asked of plaintiff on her deposition I assume that the issue attempted to be raised is that plaintiff should not be suing in her own right but as next friend or guardian. The agreement here was between plaintiff and defendant. It called for the payments for support and maintenance of the child to be made to plaintiff. Accordingly, this defense is without merit.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted and an order for judgment for plaintiff and against defendant for $2650 may be presented, subject, however, to defendant's right to supplement the record with respect to the date of the order terminating defendant's parental rights. Defendant will be allowed a period of ten (10) days to present such supplementary evidence.