Stuart A. **LICHTMAN** et al., Petitioners,

v.

**RECOGNITION EQUIPMENT, INCORPORATED, a Delaware corporation, Respondent.**

Court of Chancery of Delaware, New Castle.

July 26, 1972.

Bruce M. Stargatt, and Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for petitioners.

William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent.

SHORT, Vice Chancellor.

Two issues are raised in this #262 appraisal proceeding. First, is it appropriate in such a proceeding to include a claim for the value of stock options lost by the claimant as a result of the merger? Second, may a claimant who has demanded of the surviving corporation payment of the value of his shares now split his holdings to seek appraisal of a portion only?

■ The first question, in my opinion, must be answered in the negative. The right to appraisal is purely statutory. It is limited to stockholders of the merged corporation. The sole issue raised by a petition for appraisal is value of the defendant's stock. To permit injection of issues foreign to the stockholder status which would require proceedings of an adversary nature could serve only to complicate the issue raised. The design of the statute "requires the avoidance of complexities in proceedings under it". In re Northeastern Water Co., 28 Del.Ch. 139, 38 A.2d 918. As then Vice Chancellor Seitz said in Meade v. Pacific Gamble Robinson Co., 29 Del.Ch. 406, 51 A.2d 313: "[The] substantial rights of a dissenter proceeding under an appraisal statute must be found in that statute." The right here asserted is not only not to be found in the statute but it is contrary to the very basis on which the statute is predicated. It is clear that petitioners may not in this proceeding seek payment for the value of alleged lost option rights.

■ The second question also requires a negative answer. Petitioner Lichtman having perfected his dissent by written objection to the merger and demand in writing for payment of the fair value of his 100 shares of Recognition Terminals, Incorporated, seeks by the petition appraisal of only 99 shares. The petitioner's purpose in now attempting to withdraw one share from his written demand for appraisal of all of his shares is not disclosed. It can only be assumed that as to the one share he now wishes to withdraw his objection to the merger and accept its terms. This he may not do absent the corporation's consent. Southern Production Co. v. Sabbath, 32 Del.Ch. 497, 87 A.2d 128.

But petitioner argues that until the filing of the petition for appraisal a dissenting stockholder has not made an election to withdraw from the corporate enterprise and that he is, therefore, free to petition for appraisal of less than the number of shares for which he has demanded payment. This argument is predicated on petitioner's rationalization of *Sabbath*. There the Supreme Court said that "it is clear that upon the completion of the steps required to perfect the right to appraisal the stockholder has made an election to withdraw from the corporate enterprise and take the value of his stock—an election which is irrevocable unless one of the three conditions specified in the statute shall subsequently occur." In petitioner's view filing of the petition for appraisal is a necessary step to perfect the right. On the contrary, as I view *Sabbath*, the right of a dissentient to appraisal is perfected by compliance with the statutory requirements of written objection to the merger and demand for payment of the value of his shares. The appraisal petition, which may be filed either by the stockholder or the surviving corporation, is simply the means provided for enforcing the stockholder's right to have his shares evaluated or the corporation's correlative right to obtain his shares upon payment therefor.

Since none of the three conditions specified in the statute (8 Del.C. § 262(i)) has occurred petitioner Lichtman has irrevocably elected to take the value of all of his shares.

An appropriate order may be submitted on notice.