**WIFE, S., Plaintiff,**

v.

**HUSBAND, S., Defendant.**

Court of Chancery of Delaware, New Castle.

Aug. 22, 1972.

the Court of Chancery." Cohen v. Markel, 35 Del.Ch. 115, 111 A.2d 702 (1955). See *DuPont v. DuPont*, Del.Supr., 32 Del.Ch. 413, 85 A.2d 724 (1951) and Wife, P. v. Husband, P., Del.Ch., 287 A.2d 409 (1972). If these two requirements are met here, there is a sufficient remedy available before another court, and this suit must be dismissed for lack of jurisdiction. 10 Del. C. § 342.

Donald W. Booker, of Booker, Green, Shaffer, Berl & Wise, Wilmington, for plaintiff.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for defendant.

DUFFY, Chancellor:

Plaintiff brings this suit on behalf of her two minor children, ages eleven and thirteen, seeking specific performance of a provision in a written separation agreement by which defendant, her former husband and the father of the children, agreed to pay support for them. The determinative question is whether, after the enactment of the Family Court Act of 1971, 10 Del.C. § 901 etc. (58 L.Del.Ch. 114, 116), this Court has subject matter jurisdiction over the action.

### A.

Prior to 1971 the Court of Chancery clearly had jurisdiction to grant specific performance in all cases involving separation agreements, because these agreements were void at law and enforceable only in a court of equity. Millard v. Taylor, Del. Ch., 247 A.2d 436 (1968); Burke v. Burke, 32 Del.Ch. 320, 86 A.2d 51 (1952). In order to divest this Court of such jurisdiction, the Legislature must do two things: "(a) express an intention to confer that part of equity jurisdiction exclusively upon another court and (b) create in that court remedies equivalent to those available in

### B.

The Family Court Act of 1971 was enacted, as the preamble states, to provide uniform jurisdiction, policies, practices and procedures by creating a state-wide Family Court system. Part of that legislation, appearing now as 10 Del.C. § 921, provides:

"The [Family] Court shall have exclusive original civil jurisdiction in all proceedings in this State concerning:

. . . . . .

(c) Enforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the education, protection, control, visitation, possession, custody, care or support of children."

This Court held in Wife, P. v. Husband, P., *supra*, that the General Assembly by this section intended to grant the Family Court exclusive jurisdiction over child support cases. Plaintiff does not contest the correctness of that result, but seeks to distinguish this case on two interrelated grounds.

First, she argues that her suit is not an action for the "support of children" within the terms of § 921(c), but is rather a suit for specific performance of a separation agreement and thus not within the four corners of the holding in Wife, P. v. Husband, P. Secondly, citing Theisen v. Hoey, 29 Del.Ch. 365, 51 A.2d 61 (1947), for the proposition that statutory provisions abro-

gating Chancery's original jurisdiction are to be strictly construed, plaintiff contends that the General Assembly has not expressed a clear and certain intent to divest Chancery of its jurisdiction to grant specific performance of separation agreements. Thus, she says, Chancery should retain jurisdiction over this case.

Plaintiff's first argument ignores the substance of the action. Plaintiff is suing on behalf of her children *solely* to enforce the *specific provision* of the separation agreement pertaining to child support. Section 921(c) gives the Family Court "exclusive" jurisdiction over "any petitions or actions, for the . . . support of children." Clearly this case falls within those precise terms of the statute and within the general holding of Wife, P. v. Husband. P. Given the very language of the Act, the prior history of support statutes and the purpose of the Act (all of which is discussed in Wife, P. v. Husband, P.), I am satisfied that the clear and certain intent to divest Chancery, as required under *Theisen*, has been expressed in the legislation.

### C.

Having found that the General Assembly intended to divest this Court of jurisdiction over this kind of case, I turn to the second requirement for divestiture: that is, whether the General Assembly has created in the Family Court remedies equivalent to those available here for the disposition of this case.

This Court has already determined that the procedures under the Family Court Act of 1971 and the enforcement provisions of § 925(c) were equivalent to those provided in Chancery. Wife, P. v. Husband, P., *supra*. I see nothing in this case which requires a different finding.

Plaintiff is asking for specific performance. Section 925(*o*) provides that:

"In any civil action where jurisdiction is otherwise conferred upon the Family Court, it may enter such orders against any party to the action as the principles of equity appear to require."

An order of specific performance is certainly based upon principles of equity long applied by the Court of Chancery in this State. And those principles have been applied on behalf of a successful plaintiff seeking child support under a separation agreement. Millard v. Taylor, *supra*. In short, equity has specifically enforced a child support provision in a separation agreement. And the General Assembly was presumptively aware of this when it enacted § 925(*o*). This is to say that it was aware that the Court of Chancery is the equity Court in this State, that the "principles of equity" are applied here, and that when those principles "require" an order of specific performance, such an order is entered in a child support case (and in all other kinds of cases calling for such relief).

It is in this context that § 925(*o*) must be read. And, quite clearly, it authorizes specific performance as a form of relief when the principles of equity appear to require it. Indeed, any other reading of the statute would mean, in effect, that the Family Court is without power to grant an order (specific performance) although the principles of equity require that a plaintiff be given such relief. Such a result was certainly not intended by the General Assembly. I conclude that § 925(*o*) includes the power to grant specific performance in this case.

I emphasize that the Family Court's jurisdiction to apply the principles of equity is specifically limited by the statute to any civil action "where jurisdiction is otherwise conferred upon" it. And that jurisdiction is, of course, found only in specific statutes dealing with family and related domestic relations matters.

Plaintiff does not contend that the Family Court remedy available to her is not equivalent to that provided in Chancery. Rather she suggests other circumstances which might render Family Court remedies inadequate and she also argues that § 925(o) does not give that Court full equitable jurisdiction over family matters. There may be merit to these contentions but neither of them speaks to an issue before this Court in this case. Hence, consideration of their merits must be deferred to another day.

Finally, relying on Glanding v. Industrial Trust Co., Del.Supr., 28 Del. 499, 45 A.2d 553 (1945), plaintiff contends that because § 925(o) does not speak in exclusive terms but is instead only a "permissive" grant of power, the Court of Chancery still retains concurrent jurisdiction over this case. Certainly, under *Glanding*, Chancery retains concurrent jurisdiction when a grant of jurisdiction to another court is permissive (only) and not exclusive. But § 925(o) is not a jurisdictional provision. It merely grants equitable powers to the Family Court (i. e., "where jurisdiction is otherwise conferred upon" it). Here, jurisdiction is "exclusively" granted to the Family Court by § 921.

In accordance with 10 Del.C. § 902(b), this Court must liberally construe the provisions of the Family Court Act so that its purposes may be realized. These purposes have been discussed in Wife, P. v. Husband, P. and there is no need to repeat them here. But I emphasize that in the Family Court Act the General Assembly adopted reform measures urgently needed in the administration of domestic relations law. The Act certainly has its limitations and more legislation is required, but it does establish a State-wide judicial system and confers upon it significant civil jurisdiction. And I have no doubt that such jurisdiction includes the kind of case here in issue.

This Court does not have subject matter jurisdiction in this case, 10 Del.C. § 342. The complaint will therefore be dismissed, subject to plaintiff's right to transfer it to the Family Court under 10 Del.C. § 1901.