Lenora **SCRIBNER**, a/k/a Lenora W. Beder, Individually and as guardian ad litem of Stann Paul Chonofsky, a minor child, Plaintiffs,

v.

William **CHONOFSKY**, Defendant.

Court of Chancery of Delaware, New Castle.

July 19, 1973.

Frank J. Gentile, Jr., Wilmington, for plaintiffs.

John Merwin Bader, Bader, Dorsey & Kreshtool, Wilmington, for defendant.

BROWN, Vice Chancellor.

Plaintiff brings this action individually and as guardian ad litem of the child of the parties seeking an order of this Court requiring the Defendant (1) to pay certain arrearages under a previous Family Court support order and (2) to pay weekly support during the future school career of the child (who, in order to avoid confusion of terms, will be hereafter referred to by his first name, "Stann"). The matter is complicated by the following factors.

Stann attained the age of eighteen years on January 10, 1972. This action was filed the next day, on January 11, 1972 on the theory that the Plaintiff no longer had an adequate remedy at law since the Family Court only had authority through the criminal statute, 13 Del.C. § 502, to require support from a father up to the eighteenth birthday of a child.

Thereafter, on February 3, 1972, this Court rendered its decision in the case of Wife, P. v. Husband, P., Del.Ch., 287 A.2d 409 (1972) in which it interpreted the newly enacted State-wide Family Court statutes as creating exclusive original jurisdiction in that Court over all civil actions for the support of children under circumstances sufficient to divest the Court of Chancery of jurisdiction over future child support actions.

Based solely on this authority, the Defendant moved to dismiss the complaint on May 3, 1972, on the ground that this Court lacked jurisdiction over the subject matter. Finally, effective June 16, 1972, the Governor signed into law new legislation which reduced the age of majority in Delaware to the age of eighteen years. Thus, the questions presented by the motion to dismiss are now alleged to be twofold, namely:

(1) Did an adequate remedy at law exist in the Family Court at the time this action was filed so as to preclude jurisdiction by this Court?

(2) Did the subsequent legislation making Stann an adult either terminate the action if there was initial jurisdiction, or, alternatively, provide a basis for jurisdiction in this Court?

It would seem that a rational approach to the problem would be to start with a consideration of two prior decisions of this Court in the leading cases of Cohen v. Markel, 35 Del.Ch. 115, 111 A.2d 702 (1955) and Spruance v. Spruance, 35 Del. Ch. 188, 113 A.2d 877 (1955). In *Cohen,* after a review of the historical involvement of the High Court of Chancery of Great Britain in the area of support for children, it was concluded that since a minor's action for maintenance was within the jurisdiction of that Court, it was also within the jurisdiction of the Delaware Court of Chancery, subject to curtailment only under the terms of 10 Del.C. § 342. It was further held that under 13 Del.C. § 702 the sole duty of supporting a child rests upon the father if he is living and able to do so, and this obligation to support is a legal, as opposed to a moral duty.

In *Spruance,* one of the questions was whether a father could be compelled by this Court to support a child who was over the age of eighteen years. In holding that he could be, it was noted that the requirement to support a child under the age of eighteen years as stated in 13 Del.C. § 502 was an age limitation used solely in connection with the creation of a criminal misdemeanor within the jurisdiction of the

Family Court, and therefore it did not effect the civil obligation of support previously existing. It was further acknowledged that at common law "a father had a duty to support his minor children until they reached their majority, i. e., twenty-one years". The Chancellor reasoned that this duty was "presumably incorporated into our statutory law by the enactment of 13 Del.C. § 702 which imposes a legal duty on a father to support his 'minor' children". It was held that 13 Del.C. § 702 referred to a father's civil obligation to support his minor children, and that the term "minor" as used therein was intended to be construed in its common law sense as being one under twenty-one years. In view of this it was noted that a "father's civil obligation to support his children continues at least until they reach the age of twenty-one years. . . .".

Thereafter, by the decision in Wife, P. v. Husband, P., supra, this Court ruled that by virtue of the enactment of the new Family Court Act of 1971, 10 Del.C. § 901 et seq., (58 Del.L. Chs. 114, 116) the requirements of 10 Del.C. § 342 had been met so as to create "in the Family Court an adequate remedy at law sufficient to divest the Court of Chancery of jurisdiction in child support cases". The basis for this holding was 10 Del.C. § 921(3) which gives the Family Court

"... exclusive original civil jurisdiction in all proceedings in this State concerning:

\* \* \* \* \* \*

"(3) Enforcement of any *law* of this State . . ., or any petitions or actions, for the education, . . . care, or support of children." (Emphasis added)

▮▮ As determined by *Spruance,* the "law" which imposes a civil obligation upon a father to support his minor child is 13 Del.C. § 702, and, for the purposes of this civil statute, a minor was a person not yet twenty-one years of age. At least this was the status of the law at the time this suit was commenced. Plaintiff argues that

by definition in the Family Court Act, 10 Del.C. § 901, a child is one who has not reached his eighteenth birthday, and therefore the Family Court could not have had jurisdiction over the action even under the terms of 10 Del.C. § 921(3). However, the aforesaid definitional statute contains the usual language "unless the context indicates differently", and, as pointed out in Wife, P. v. Husband, P., supra, "legislative language is interpreted on the assumption that 'the legislature was aware of existing . . . judicial decisions,' Southerland, Statutory Construction (3 ed.) § 4510." When, in 1971, the General Assembly bestowed exclusive civil jurisdiction in the Family Court over all actions to enforce any law for the support of children, it must be assumed that it was aware that the civil law involved was 13 Del.C. § 702, and that the reference to a minor child therein had been judicially determined to be one who had not yet reached his twenty-first birthday. Viewed in this sense. the context in which the word "children" is used in 10 Del.C. § 921(3) requires a different meaning than the general definition the word "child" is given in 10 Del.C. § 901.

It necessarily follows, based on the decision in Wife, P. v. Husband, P., supra, that at the time that this action was filed, on January 11, 1972, there did exist an adequate remedy at law in the Family Court so as to preclude this Court from obtaining any jurisdiction over the subject matter of the action.

This does not automatically dispose of the case, however, since a second argument of the Plaintiff must now be considered in view of the legislation which has reduced the age of majority in Delaware to eighteen years. As I understand it, Plaintiff takes the position that this Court now has jurisdiction since there is no adequate remedy at law, i. e., in the Family Court, due to the fact that Stann has attained his age of majority. In other words, whatever the statutory age limitation might have been for compelling support, it is age eighteen now, and therefore the Family Court is unavailable as a forum to seek support from

Stann's father to assist in the furtherance of his education.

Plaintiff urges that the standard for terminating the obligation of support should now be emancipation, not adulthood. Several Pennsylvania cases are cited in support of this theory, including Colantoni v. Colantoni, 220 Pa.Super. 46, 281 A.2d 662 (1971) wherein the Court considered whether a father should continue his monetary contributions to his twenty-four year old married son who was attending medical school. See also Commonwealth ex rel. Rice v. Rice, 206 Pa.Super. 393, 213 A.2d 179 (1965) and Commonwealth ex rel. Welsh v. Welsh, 222 Pa.Super. 585, 296 A. 2d 891 (1972), and related cases cited therein.

In this jurisdiction, however, civil support actions for children in this Court have been generally decided with regard to the age of majority. Indeed, it was long ago stated as follows in McCafferty v. Flinn, 14 Del.Ch. 307, 125 A. 675, 677 (1924):

"A mother is under no legal obligation to provide and maintain an adult child. Neither is a father."

On June 16, 1972, a new statute was enacted into our law as 1 Del.C. § 701 which reads as follows:

"A person of the age of 18 years or older on June 16, 1972, and any person who attains the age of 18 years thereafter, shall be deemed to be of full legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age unless otherwise provided."

This Court now has no jurisdiction over civil actions for the support and education of minor children, and the General Assembly, by 1 Del.C. § 701, seems to have indicated that age alone is no longer a criterion for receiving parental assistance once a person passes the age of eighteen years. Unlike the *Spruance* case, there is no right for which to provide a remedy in view of the new age of majority.

■   Also to be considered is 13 Del.C. § 501(a) which provides that

"(a) When any poor person shall be unable to support himself or herself, the parents, spouse or children of such poor person shall be liable for his or her support in the order as named; . . . .".

This statute contains no reference to minors and ability to support rather than age is the standard. Whether or not Stann would qualify under its terms is not to be decided here. Suffice it to say that 13 Del.C. § 501 establishes a legal duty, if warranted by the facts, and also a remedy whereby, among other things, a parent can be compelled to support his child, regardless of age. The remedy is a civil action and it is within the exclusive original civil jurisdiction of the Family Court. See 10 Del.C. § 921(7).

■   Therefore, in view of the enactment of 1 Del.C. § 701, the existence of 13 Del.C. § 501, and the clear intention expressed by the General Assembly by 10 Del.C. § 902 to place all original civil jurisdiction "over family and child matters" in the Family Court, I am of the opinion that this Court no longer has jurisdiction to entertain an action to compel a father to contribute to the support and education of his adult child over the age of eighteen years.

For the reasons set forth herein, the motion to dismiss for lack of jurisdiction must be granted. Order on notice.