**WIFE A, Defendant below, Appellant,**

v.

**HUSBAND A, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued Oct. 22, 1975.

Decided Nov. 6, 1975.

Richard I. G. Jones and David B. Ripson of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellant.

Ben T. Castle of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this action the Superior Court granted a petition for divorce on the husband's complaint and then denied the wife's request for an order under 13 Del.C. § 1513. That statute authorizes the Superior Court to:

". . . equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors including:

(1) The length of the marriage;

(2) Any prior marriage of the party;

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties;

(4) Whether the property award is in lieu of or in addition to alimony;

(5) The opportunity of each for future acquisitions of capital assets and income;

(6) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker or husband;

**174**

(7) The value of the property set apart to each party;

(8) The economic circumstances of each party at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the party with whom any children of the marriage will live;

(9) Whether the property was acquired by gift, bequest, devise or descent; and

(10) The debts of the parties.

. . .''

Here, it is undisputed that there was no marital property to divide. The only relief sought by the wife is an order obliging the husband to make payments in accordance with a separation agreement between the parties. In brief, she seeks an order of specific perfomance.*

 While it is clear that when the Superior Court is exercising § 1513 jurisdiction to divide marital property it has broad equity powers, *Wife W. v. Husband W.*, Del.Super., 307 A.2d 812 (1973), aff'd 327 A.2d 754 (1974), nothing in the statute nor in the cases confers jurisdiction upon that Court to specifically enforce a contract, whether it be a separation or commercial agreement. That jurisdiction traditionally has been vested by law in the Court of Chancery, *Astle v. Wenke*, Del. Supr., 297 A.2d 45 (1972), but decisions by that Court hold that when the action is to enforce an agreement to support, Family Court has statutory jurisdiction. 10 Del. C. §§ 921, 925; *Jones v. Dickerson*, Del. Ch., 330 A.2d 164 (1974); *Wife S. v. Husband S.*, Del.Ch., 295 A.2d 768 (1972).

* It should be noted that the wife does not seek an order under 13 Del.C. § 1512 which permits an alimony award only when a di-

Since the Superior Court does not have the jurisdiction to grant such relief, it follows that its judgment must be reversed under a mandate authorizing either party to apply for removal of the case under the transfer statute. 10 Del.C. § 1901.

vorce is granted on the ground that the "marriage is irretrievably broken because of incompatibility or mental illness."