ONE–PIE INVESTMENTS, LLC, Successful Third Party Bidder & Party in Interest Below–Appellant,

v.

Toni JACKSON, Defendant Below–Appellee.

No. 623, 2011.

Supreme Court of Delaware.

Submitted: March 21, 2012.
Decided: April 24, 2012.

---

15. Appellant's Appendix, A–30.

16. *Harris v. State,* 991 A.2d 1135 (Del.2010).

Brian T. Murray, Esquire of Brian T. Murray, P.A., Newark, Delaware, for Appellant.

John Weaver, Jr., Esquire of Stark & Stark PC, Wilmington Delaware, for Appellee.

Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

RIDGELY, Justice:

A monition action was brought by the City of Wilmington against property owner and Defendant–Below/Appellee Toni Jackson for the collection of various taxes and charges. The real property was sold at a sheriff's sale to the successful third-party bidder, Appellant One–Pie Investments, LLC ("One–Pie"). After confirmation, One–Pie filed a petition for tax deed. The Superior Court confirmed a Commissioner's order denying the petition, because Jackson had successfully redeemed the property. One–Pie raises three claims on appeal. One–Pie contends that the Superior Court erred by: (i) determining that

the property had been redeemed properly; (ii) determining that One–Pie lacked standing; and (iii) allowing Jackson to use One–Pie's funds for redemption. We find no merit to this appeal and affirm.

### Facts and Procedural History

Approximately five years ago, Jackson purchased 700 West 32nd Street in Wilmington, Delaware for $227,500. Jackson took out various mortgages on the property to finance her purchase. On July 12, 2010, the City of Wilmington requested a Writ of Monition from the Superior Court, showing that Jackson had failed to pay certain real property taxes and water and sewage charges totaling $1,020.47, plus penalties. The Superior Court Prothonotary issued the writ, which was posted and returned by the New Castle County Sheriff. After Jackson failed to pay the back taxes, the Superior Court issued a Writ of *Venditioni Exponas* Monition,[1] directing the Sheriff to conduct a sale of the property. The sale was conducted on November 9, 2010. One–Pie submitted the highest bid at $25,000, and immediately paid that sum to the Sheriff. Pursuant to Superior Court Rule 69(d), the sale of the property was confirmed by the Superior Court on December 27, 2010; Jackson did not object to confirmation.

After the sale confirmation, Jackson inquired about redeeming the property. The Sheriff told her that "to redeem this property ... the homeowner (or his legal representative) must pay a total of $4,830.79 ... to the [Sheriff] by 4 PM 12/27/2010." He further stated: "After 12/27/2010 a 20% penalty [of] $5000 will be

added for a total redemption of $9,830.79 [and] redemption expires completely at 4PM 02/25/2011."

Jackson paid $9,830.79 to the Sheriff on February 25, 2011. Together with the $25,000 received from the sale, the Sheriff had a fund of $34,830.79. From that fund, the following was paid: (i) $25,000 to One–Pie, representing One–Pie's purchase price; (ii) $5,000 to One–Pie, representing twenty percent of the purchase price; (iii) $3,378.79 to the City of Wilmington, bringing current the delinquent taxes and water and sewage charges; and (iv) $1,452 to the Sheriff, to cover costs of the sale, including the $1,000 fee.

On March 3, 2011, One–Pie filed a petition for tax deed. Jackson and the Sheriff opposed the petition. A Superior Court Commissioner denied One–Pie's petition for tax deed, holding that Jackson had redeemed the property. A Superior Court Judge confirmed the Commissioner's Order. One–Pie filed a motion for reargument, which the Superior Court denied. This appeal followed.

### Discussion

■ One–Pie first contends that the Superior Court erred in determining that Jackson had redeemed the property. We review questions of statutory interpretation *de novo*.[2] We have held that the Superior Court has "broad discretion" to review sheriff sales.[3]

Section 4–148 of the City of Wilmington Code delineates the procedure for a property owner to exercise her right of redemption. It provides:

---

**1.** A writ of *venditioni exponas* is a writ issued to the sheriff directing him to advertise and sell lands for the satisfaction of a debt or damages. 2 Victor B. Wooley, *Practice in the Civil Action and Proceedings in the Law Courts of the State of Delaware*, § 1100–01 (1906).

**2.** *State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 456 (Del.2010) (citing *Freeman v.*

*X–Ray Assocs., P.A.,* 3 A.3d 224, 227 (Del. 2010)).

**3.** *Burge v. Fidelity Bond & Mortg. Co.,* 648 A.2d 414, 419 (Del.1994) ("This equitable power derives from the inherent control of the court over its own process 'for the correction of abuses or the prevention of injury.' ")

The owner of any property sold upon an execution issued upon a tax judgment, or his legal representatives, or, if the owner or his legal representatives do not, any person having any interest in said property or lien upon such property, may redeem the property at any time within sixty days from the day the sale is approved by the court by paying to the purchaser or his legal representative the amount of the purchase price, the cost of any repairs that the purchaser may be required to make by the City of Wilmington, and twenty percent in addition to the purchase price and the cost of repairs, together with all costs incurred in the proceedings, or if the purchaser or his legal representatives, successors, or assigns shall refuse to receive the same, or do not reside or cannot be found within the City of Wilmington, by paying the amount into the court for the use of the purchaser or his legal representatives, successors, or assigns.... [4]

The text thus provides that the owner may redeem by paying to the purchaser the amounts required by the ordinance. Here, it is undisputed that instead of paying One–Pie its purchase price and twenty-percent premium directly, Jackson—per the Sheriff's instructions—paid $9,830.79 to the Sheriff. The Sheriff then refunded One–Pie's $25,000 payment and paid One–Pie the $5,000 premium. One–Pie argues that this procedure was "qualitatively different" than what the City ordinance requires, and thus that redemption was not proper.

The Superior Court determined that the purpose of redemption is to make the successful bidder whole, and that "the only reasonable interpretation of [Section 4–148] is that the purchase price received from the successful bidder must be given back to the bidder upon redemption." [5] The Superior Court concluded that because One–Pie received the return of its $25,000 bid, plus the twenty-percent premium from Jackson, One–Pie was made whole. [6]

The Superior Court did not err in finding redemption proper here. Principles of statutory construction generally apply with equal force to municipal ordinances. [7] "The goal of statutory construction is to determine and give effect to legislative intent." [8] Furthermore, "[i]t is a 'well established principle of statutory interpretation that the law favors rational and sensible construction." [9] The text of section 4–148 reflects an intent to make the purchaser whole when the owner redeems.

When construing a statute, "literal or perceived interpretations which yield mischievous or absurd results are to be avoided." [10] Under One Pie's interpretation, One–Pie would be entitled to a deed

---

(quoting *Petition of Seaford Hardware Co.*, 132 A. 737, 738 (Del.Super.1926)).

4. Wilm. C. § 4–148 (emphasis added).

5. *In re Tax Judgment*, 2011 WL 3617207, at *3 (Del.Super. Aug. 4, 2011).

6. *Id.*

7. *Green v. Sussex County*, 668 A.2d 770 (Del.Super.Ct.1995), aff'd, 667 A.2d 1319 (Del. Aug. 2, 1995) (TABLE); 1A Sutherland,

*Statutes & Statutory Construction*, § 30:6 (7th Ed.2011).

8. *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932 (Del.2007) (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del.1999)).

9. 2A Sutherland, *Statutes & Statutory Construction*, § 45:12 (7th Ed.2011).

10. *See PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust, ex rel. Christiana Bank and Trust Co.*, 28 A.3d 1059, 1071 (Del.2011).

even though Jackson paid in full the amounts due for redemption as instructed by the Sheriff and One–Pie was made whole by the payment of all amounts due to One–Pie by the Sheriff. That interpretation leads to an absurd result and should be avoided. Here, One–Pie received the return of its initial bid and the twenty-percent premium. It was thus made whole as required by the ordinance, regardless of whether the funds came directly from Jackson, or from the Sheriff, acting as a conduit.

The Superior Court noted that the procedure followed here "[has] consistently been followed for decades, during which period the Wilmington Code has been repeatedly reviewed and revised."[11] Courts have found that "[w]here a particular interpretation has been placed on a statute by the court ... and the legislature at its subsequent meetings has left the statute materially unchanged, it is presumed that the legislature has acquiesced in that interpretation."[12] Accordingly, the Superior Court properly concluded that Jackson had redeemed the property in accordance with Section 4–148.

 One–Pie's second claim on appeal misconstrues the ruling of the Superior Court and lacks merit. The Superior Court did not determine that One–Pie lacked standing. Rather, the Superior Court considered and denied One–Pie's petition on the merits. The Superior Court stated that a purchaser such as One–Pie only has an expectation of receiving the purchase price, plus twenty percent, as a result of redemption. This does not equate to a holding that One Pie lacks standing.

 Finally, the Superior Court did not err in upholding the payments made by the Sheriff. One Pie paid the purchase price to the Sheriff, and was refunded its purchase price, plus twenty percent, after redemption. One Pie would receive the same amount, whether paid by Jackson directly or by the Sheriff. The mere fact that the Sheriff tendered payment is not, standing alone, grounds for reversal. The Superior Court correctly determined that "[t]here is no substantive or meaningful difference between payment directly from the property owner to the bidder, and payment to the bidder through the Sheriff—as a conduit—of funds to which the property owner otherwise be entitled."[13]

### Conclusion

The judgment of the Superior Court is **AFFIRMED.**

11. *Id.* The Superior Court, however, did not cite any authority for this position. *Id.* The Sheriff also represented to the Superior Court that this procedure was consistent with his office's longstanding practice.

12. 82 C.J.S. Statutes § 384 (citing various state cases); Cf. *Williams v. Twin City Fire Ins. Co.*, 1998 WL 281277, at *5, n. 28

(Del.Super. May 21, 1988) ("There is a judicially created maxim of statutory construction that legislative language is interpreted on the assumption that the legislature was aware of existing judicial decisions." (citing *Scribner v. Chonofsky*, 310 A.2d 924, 926 (Del.Ch.1973))).

13. *In re Tax Judgment*, 2011 WL 3617207, at *3.